IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NEW SENSATIONS, INC.             :
                                 :
    v.                           :   Civil Action No. DKC 12-1291
                                 :
DOES 1-67                        :
                                 :

**ORDER**

On April 27, 2012, Plaintiff New Sensations, Inc., filed this action for copyright infringement against sixty-seven John Doe defendants. (ECF No. 1). Plaintiff owns the copyright to a movie titled *Dirty Little Schoolgirl Stories 3* ("the Work"). The Doe Defendants are alleged illegally to have downloaded and/or uploaded the Work using an internet protocol called BitTorrent. The Doe Defendants are identified in the complaint only by their internet protocol ("IP") addresses.

Also on April 27, 2012, Plaintiff filed a "Motion for Leave to Take Discovery Prior to Rule 26(f) Conference." (ECF No. 3). Although Plaintiff knows the IP address of each infringing Doe Defendant, it does not know any real names, addresses, or other identifying information. The entity that possesses information linking an IP address to real identifying information is the Internet Service Provider ("ISP") for that IP address. ISPs, such as Comcast or Verizon, maintain temporary internal logs

that record the date, time, and customer identity for each IP address serviced by that ISP. Plaintiff indicates that these records are only temporary and that ISPs delete them after a short period of time. Plaintiff's motion seeks limited discovery from the ISPs that service the allegedly infringing IP addresses so that Plaintiff can discover the identity of the Doe Defendants and serve them with process.

To begin, Plaintiff assumes that joinder of multiple Doe Defendants, is appropriate. For the reasons stated in the court's April 27, 2012, Memorandum Opinion in *Third Degree Films, Inc. v. Does 1-108*, No. DKC 11-3007 (ECF No. 40), however, joinder is not proper under the circumstances in this case. Thus, with the exception of Doe 1, all Doe Defendants will be severed from this action.

As to Doe 1, expedited discovery of his or her identifying information will be permitted. "As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D.Cal. 1999). When a plaintiff seeks to learn the identity of an unknown defendant through a pre-service subpoena under Rule 45 of the Federal

2

Rules of Civil Procedure, the plaintiff should be allowed to do so "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Here, it is far from "clear that discovery would not uncover the identit[y]" of Doe 1. *Id.* Indeed, unless the relevant ISP has already deleted the temporary IP logs, it should have all of the identifying information for alleged infringers in its records.

Furthermore, the court is not prepared to hold, at this early, *ex parte* stage, that it is "clear" that "the complaint would be dismissed." *Id.* If there are reasons why the case should be dismissed or why the discovery requests are otherwise improper, the relevant ISP or Doe 1 can raise those objections by filing motions to quash the subpoenas.

Accordingly, it is this 14th day of May, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1. With the exception of Doe 1, all Doe Defendants BE, and the same hereby ARE, SEVERED from this action;

2. The claims of Plaintiff New Sensations, Inc., against the severed Doe Defendants 2-67 BE, and the same hereby ARE, DISMISSED without prejudice;

3.     The Motion for Leave to Take Discovery Prior to Rule 26(f) Conference filed by Plaintiff New Sensations, Inc. (ECF No. 3), BE, and the same hereby IS, GRANTED in part and DENIED in part;

4.     Plaintiff MAY DELIVER to Doe 1's ISP a subpoena seeking information about Doe 1's name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses;

5.     Any information disclosed to Plaintiff in response to a Rule 45 subpoena MAY BE USED SOLELY for the purpose of protecting Plaintiff's rights as set forth in the complaint;

6.     Plaintiff SHALL, IF NECESSARY, CONFER with Doe 1's ISP regarding the issue of payment for the production of the information requested in the subpoena and/or related activities, including the ISP's efforts to notify Doe 1;

7.     If Doe 1's ISP elects to charge for the costs of production, it SHALL PROVIDE a billing summary and any cost reports serving as a basis for such billing summary;

8.     Any subpoena served by Plaintiff on Doe 1's ISP MUST BE ACCOMPANIED by a copy of this order;

9.     Doe 1's ISP MUST PRESERVE any information subject to the subpoena pending the resolution of any motion to quash;

10. Any motion to quash MUST BE FILED before the return date of the subpoena, which shall be thirty (30) days from the date of service;

11. If Doe 1 chooses to represent himself or herself in this case, Doe 1 MUST PROVIDE his or her name and current address to the Clerk of the Court so that the court may provide notice of filings to Doe 1.  This may be accomplished by completing and mailing to the Clerk of the Court the attached form.  This contact information will not be disclosed to Plaintiff and will be used solely for the purposes stated above. The court will not decide any motions until Doe 1, if self-represented, has provided all required information; and

12. Moving forward, all documents filed in this action that contain Doe 1's identifying information SHALL BE FILED UNDER SEAL.

                                   /s/
                              DEBORAH K. CHASANOW
                              United States District Judge